[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE TEMPORARY INJUNCTION
Plaintiff seeks a temporary injunction against defendants to prevent and control their use of property south of Route 16, east of Miles Standish Road and north of Red School Road in Colchester, Connecticut (the site).
 Facts
On November 16, 1977 the State of Connecticut and Department of Environmental Protection (DEP) issued a landfill permit, # 028-1, to Reduction Associates, Inc. (Reduction) to establish and operate a solid waste disposal area on a total of 170 acres of property owned by Reduction, the site. That permit estimated "that approximately 60 acres of this total are usable for solid waste disposal."
On June 26, 1979 DEP issued an extension of permit # 028-1 but only as to a ten-acre portion of the solid waste disposal area.
On September 8, 1981 the permit and the extension were transferred to Municipal Enterprises, Inc. (MEI).
On April 19, 1983 to settle a dispute between DEP and MEI a stipulated judgment was entered.
On February 27, 1978 DEP issued a water discharge permit to Reduction. That permit expired February 27, 1983. That permit was for a landfill of "approximately 25 acres and it was transferred to MEI October 27, 1981. It was "reissued" February 25, 1983 and was for only a ten-acre landfill. The discharge permit was modified on April 18, 1983, again for a ten-acre landfill. CT Page 6653
DEP issued a water discharge permit on December 28, 1984 which expired December 28, 1989. There is no present water discharge permit.
On or about March 9, 1999 MEI filed an operation and management plan (O and M plan) with DEP.
On March 9, 1999 MEI defendant wrote to DEP to inform it that MEI intended to begin operating the landfill. In response DEP wrote to say the permit relied upon was not one upon which defendant could base a use of the area for a landfill. It also ordered MEI to "immediately cease disposing of all waste at the landfill." On March 15, 1999 MEI wrote DEP to say it would not obey the order.
Thereafter defendant continued to dump bulky waste on the site.
The kind of waste defendant MEI was dumping on the site in March 1999 produces leachate.
Beginning sometime in early March 1999 MEI began to operate the landfill. It had no permit but in this action relies on #028-1, the extension and the stipulated judgment. Permit #028-1 has not been specifically revoked.
There is some controversy as to the origination of MEI, there being, possibly two but the parties have agreed that the MEI defendant here whenever incorporated, is the appropriate defendant for this matter.
The ten-acre portion of the site was capped and closed in 1986.
On March 11, 12 and 16, 1999 defendant placed new waste on top of waste and capping on the ten acre portion of the site.
Under its O and M plan MEI now proposes to put solid waste on top of the capped area and that would injure the quality of the state's waters.
 Law
In addition to dumping permits a land fill operator must have CT Page 6654 a water discharge permit under C.G.S. § 22a-430 if the kind of material to be dumped creates leachate. That is our situation and thus a water discharge permit is required.
The court does not have sufficient information as to the assets and liabilities of the department to issue a mandatory injunction for removal of any waste dumped on the site before commencement of this action and therefore this injunction is granted as to all but the mandatory portion. Griffin Hospital v.Commission on Hospitals and Health Care, 196 Conn. 451, 457.
N. O'Neill, J.